UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LOCAL 210 HEALTH AND INSURANCE FUND,
LOCAL 210 PENSION FUND and LOCAL 210
SCHOLARSHIP AND TRAINING FUND,

                                      Plaintiff,

    -against-

BERGDORF GOODMAN, INC.
                     Defendant.
------------------------------------------------------------------X

**COMPLAINT**

**DOCKET NO.**

Plaintiffs, Local 210 Health and Insurance Fund ("Health Fund"), Local 210 Pension Fund, ("Pension Fund"), and Local 210 Scholarship and Training Fund ("Scholarship Fund"), herein sometimes collectively referred to as the "Funds," by their attorneys Raab, Sturm, Goldman & Ganchrow, LLP, as and for their Complaint against Bergdorf Goodman, Inc. ("Defendant"), respectfully allege as follows:

## NATURE OF ACTION

1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an employee pension fund, and an employee scholarship and training fund for relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendant violated its collective bargaining

Agreement, and the respective Trust Agreement of the Funds, and ERISA

## JURISDICTION

2.  Jurisdiction of this Court is invoked under the following statutes:

   (a)  Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

   (b)  Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   (c)  28 U.S.C. Section 1331 (federal question); and

   (d)  28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3.  Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4.  The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining Agreement in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining Agreement with International Brotherhood of Teamsters, Local 210, ("Union"), to invest

and maintain those monies, and to distribute pensions, health and insurance benefits, and annuity payments to those employees eligible to receive them. The Funds maintain their offices and are administered at 110 Wall Street, New York, New York, in the City, County, and State of New York.

5. International Brotherhood of Teamsters, Local 210 ("Union") is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 110 Wall Street, New York, New York, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto Defendant was and continues to be a for-profit domestic corporation doing business in the City and State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant is party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, pursuant to the Agreement with Union.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT BY DEFENDANT )

7. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 6 of this complaint, as if fully set forth hereat.

8. As a result of work performed by individual employees of Defendant ,

pursuant to the Agreement, there became due and owing to Funds from Defendant the amount of $49,853.85 as fringe benefit contributions for the January 1, 2003 though and including December 31, 2005. The amounts owed were found due as a result of the Funds performing an audit of the Defendant's books and records for the particular period.

9. To date, the sums described above claimed as owed to and contractually due to the Funds have not been paid by Defendant, although all fringe benefit contributions have been duly demanded and the Funds have been damaged in the amount of $49,853.85.

10. The failure, refusal or neglect of Defendant to make the required contributions to plaintiffs' Funds constitutes a violation of the Agreement between Defendant and the Union with respect to which plaintiffs Funds are third-party beneficiaries.

11. Accordingly, Defendant is liable to the Funds for fringe benefit contributions in the amount $49,853.85 due for the period January 1, 2003 through December 31, 2005, plus such other or further amounts as will be found due and owing pursuant to an audit of Defendant's books and records for the period January 1, 2006 to the present, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant, plus contractual interest and liquidated damages.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANT )

12. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 11 of this Complaint, as if fully set forth hereat.

13. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining

Agreement.

14. Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or submit the required monetary contributions and/or reports to plaintiffs Funds due. Such failure to make payment or timely payment and/or submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

15. Section 502 of ERISA (29 U.S.C. § 11132) provides that, upon a finding of an employee violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff Funds, the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiffs Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

16. Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF

### (FUNDS' DEMAND FOR AN ORDER DIRECTING DEFENDANTS TO PERMIT AN AUDIT OF DEFENDANTS' BOOKS AND RECORDS)

17. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

18. Defendants are obligated, pursuant to the terms of the Agreement and pursuant to E.R.I.S.A., to permit and cooperate in the conduct of audits of the books and records of Defendant by the Funds.

19. Accordingly, pursuant to the terms and conditions of the Agreement and pursuant to E.R.I.S.A., the Funds demand an order directing Defendant to permit and cooperate with the Funds and/or their designated representatives in the conduct of the aforesaid audit of Defendants' books and records for periods beginning January 1, 2005.

**WHEREFORE,** plaintiff Funds demand judgment:

a. against Defendant for payment of all past due contributions in the amount of $49,853.85for the period January 1, 2003 through December 31, 2005;

b. against Defendant for payment of all contributions and interest which became due for the period January 1, 2006 to date, and which become due during the pendency of this action;

c. for an Order requiring Defendant to permit and cooperate in the conduct of an audit of the books and records of Defendant, for the period beginning January 1, 2005 to date, by the Funds;

d. against Defendant for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2);

d. against Defendant for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2);

e. against Defendant for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with the collective bargaining agreement.

f. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
      August 15, 2008

                                        RAAB, STURM, GOLDMAN & GANCHROW, LLP

                                        By: _____
                                            Ira A. Sturm (IS-2042)
                                            *Attorneys for Plaintiffs Funds*
                                            317 Madison Avenue, Suite 1708
                                            New York, New York 10017
                                            Tel. 212- 683-6699
                                            Fax 212- 779-8596